## Commonwealth v. Bostigal

*J. R. Sheppard*, for defendant.

PIEKARSKI, J., December 1, 1936.—This is a case of disorderly conduct under the Acts of May 21, 1901, P. L. 286, sec. 1, and May 19, 1913, P. L. 223, sec. 1, which define disorderly conduct as follows:

"That if any person or persons shall wilfully make any loud, boisterous, and unseemingly noise, or by using ob-

scene or profane language disturb and annoy any one who shall be passengers upon any railroad or railway car, or who may be visitors at any public or private park, or picnic grounds, kept for the amusement of the public in this Commonwealth, whereby, through such conduct, the public peace is broken or disturbed, or the public annoyed, he, she, or they shall be guilty of the offense of disorderly conduct".

This case was tried before the judge de novo. After hearing the testimony, and consideration thereof, the judge found defendant guilty of disorderly conduct. The testimony, as the court recalls it—the same has not been submitted to the court for review—discloses as a matter of fact that defendant was guilty of disorderly conduct.

At the oral argument counsel for defendant laid emphasis upon the information of the justice of the peace, contending that the court had no jurisdiction on the face of the record, in that the information, as shown by the transcript of the alderman's docket, does not charge a crime under the act by which the alderman took jurisdiction, and he based his argument upon the fact that the information stated that defendant "did then and there unlawfully make or cause to be made a loud, boisterous, and unseemly noise and disturbance", while the act quoted above uses the word "wilfully", instead of the word "unlawfully", used in the information.

With this phase of defendant's contention we cannot agree. The information charges:

"On the 24th day of August, A.D. 1936, at Pittsburgh, in the county of Allegheny, state of Pennsylvania, a certain Catherine Bostigal did then and there unlawfully make or cause to be made loud, boisterous and unseemly noises and disturbances by or near Four Mile Run road, a public highway in the city of Pittsburgh in said county and state, tending to a breach of the public peace, and to the injury of all well disposed persons".

This, we think, is sufficient information to apprise

defendant of the offense with which she was charged. It shows the date and the place and the offense charged, which puts her on notice of what she should be ready to defend.

The other reasons for reversing the conviction are mere repetitions, because we think that the court had proper jurisdiction, heard the case de novo, and heard all the witnesses in the case. We are therefore of the opinion that the verdict of guilty against defendant is proper.

### Order

And now, to wit, December 1, 1936, motion ex parte defendant for a new trial is refused.